**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GEORGE MARCHELOS, AMY KASSENBROCK** *et al.*, | **Case No.: 12-CV-01899 YGR** |
| **Plaintiff(s),** | ***TENTATIVE* RULING ON MOTION FOR PRELIMINARY SETTLEMENT APPROVAL; CONTINUING HEARING ON MOTION; AND DIRECTING PLAINTIFFS TO FILE WRITTEN RESPONSE** |
| v. | |
| **REPUTATION.COM,** | |
| **Defendant(s).** | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING FOR THE HEARING SCHEDULED ON TUESDAY, APRIL 16, 2013 AT 2:00 P.M.

The Court has reviewed the Motion for Preliminary Approval of Class Settlement and the Stipulation and Settlement of Class & Collective Action Claims and is inclined to **DENY** the Motion because the proposed settlement has an obvious deficiency in that it will release claims brought under the Fair Labor Standards Act ("FLSA") irrespective of whether Class Members affirmatively choose to join the action.

This is a *tentative* ruling and Plaintiffs are **DIRECTED** to file a written response addressing the issues raised in this Order. To allow Plaintiffs sufficient time to file their response, the Court **CONTINUES** the hearing to **April 30, 2013**. However, if the Plaintiffs stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the Order of the Court.

The Court *TENTATIVELY* **DENIES** the Motion **WITH LEAVE TO REFILE** as follows:

## I.    INTRODUCTION

Plaintiffs allege that their former employer, Defendant Reputation.com, misclassified its employees as "exempt" employees not entitled to the protection of state and federal overtime laws,

United States District Court
Northern District of California

1  and that it failed to maintain wage and hour records required by state and federal laws.  Plaintiffs

2  filed this action as a "hybrid" wage-and-hour collective action and class action—a collective action

3  under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Claim 1); and a putative

4  class action under various provisions of the California Labor Code and Wage Orders, and California

5  Business and Professions Code §§ 17200 *et seq*. (Claims 2 through 7).  The FLSA claim is the basis

6  for this Court's jurisdiction.

7        Plaintiffs have filed a Motion for Preliminary Approval of Class Settlement and the

8  Stipulation and Settlement of Class & Collective Action Claims requesting:  Certification of a

9  Settlement Class (with named Plaintiffs as Class Representatives and their attorneys as Class

10  Counsel); Preliminary Approval of the Class Settlement; Approval of the form and content of the

11  Notice to the members of the class; and a Fairness Hearing be scheduled in this matter.  Plaintiffs'

12  motion for preliminary approval seeks only to certify a Rule 23 opt-out class; the motion does not

13  seek to certify a collective action under the FLSA, though the settlement will release these claims.

14        Having reviewed the Motion for Preliminary Approval of Class Settlement and the Stipulation

15  and Settlement of Class & Collective Action Claims, the Court hereby **DENIES** the Motion.  The

16  proposed settlement has an obvious deficiency in that it will violate the FLSA by releasing claims

17  under the FLSA irrespective of whether putative Class Members affirmatively choose to join the

18  action.

19  **II.     BACKGROUND**

20        Reputation.com provides a service to businesses and individuals concerned about negative or

21  unflattering internet content.  Reputation.com attempts to improve its customers' image with respect

22  to internet content, in part by creating "positive" internet content to counteract and/or gain internet

23  search engine "priority" over negative content when the customer's name is the object of an internet

24  search.

25        Reputation.com has two categories of employees:  "Reputation Associates" and "Advanced

26  Client Services."  The principal job duty of both categories of employee is to sell Reputation.com's

27  services through telephone conversations with potential customers, often after potential customers

28  have called Reputation.com to inquire about its services.  Defendant paid all of its employees through

United States District Court
Northern District of California

a combination of base salary and commissions earned from the sales employees generated.  Plaintiffs contend they worked substantial overtime hours but that Reputation.com did not pay them overtime premiums because Reputation.com misclassified them as "exempt."

On April 17, 2012, Plaintiffs George Marchelos and Amy Kassenbrock filed this putative class and collective action in federal court against Reputation.com, Inc., alleging that Defendant failed to compensate them for overtime as required by federal and state law.  The parties engaged in informal discovery.  On October 24, 2012, the parties met for a formal mediation with Mark S. Rudy. After a lengthy mediation, Mr. Rudy formulated a mediator's proposal that he reduced to writing. The parties accepted the proposal subject to minor modifications.  Plaintiffs now seek preliminary approval of the parties' Settlement Agreement and certification of a settlement class.[1]

## III.    LEGAL STANDARD

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations"; "has no obvious deficiencies"; "does not improperly grant preferential treatment to class representatives or segments of the class"; and "falls with the range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation, § 30.44 (2d ed. 1985)).  Here, the settlement was reached in a procedurally fair manner, after conducting some discovery, and is the result of arms-length negotiations between the parties with the assistance of an experienced mediator.  However, the proposed settlement has an obvious deficiency in that it will violate the FLSA.

## IV.    DISCUSSION

Plaintiffs brought this as a "hybrid" wage-and-hour class action, yet seek to certify only a Rule 23 opt-out class; they do not seek to certify a collective action under the FLSA.  The opt-out procedures of Rule 23 do not apply to claims for violations of the FLSA.  *See Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977*), overruled on other grounds by Hoffmann-La Roche Inc. v.*

---

[1] Plaintiffs seek to certify the following class under Rule 23:  "Any and all persons employed for more than one day by Reputation.com as a Reputation Advisor ('RA') or an Advanced Client Solutions provider ('ACS'), at any level or seniority (including managers), at any time from April 1, 2010 through and including February 26, 2013."

United States District Court
Northern District of California

*Sperling*, 493 U.S. 165, 167 n. 1 (1989) ("The clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under § 216(b)") (quoted in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010) *cert. granted, judgment vacated*, 132 S. Ct. 74 (2011)).  Collective actions under the FLSA are governed by the opt-in provision of Section 216(b).[2] When Congress enacted this opt-in requirement, it "was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right."  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989).  While the opt-in provision of Section 216(b) of the FLSA does not preclude certification of Plaintiffs' state law wage-and-hour claims under Rule 23, it does preclude certification of Plaintiffs' FLSA claim.

Unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, where a member of the class must expressly request exclusion from the class, a representative action under the FLSA requires affirmative consent to be included in the class.  *McElmurry v. U.S. Bank Nat'l Assoc.*, 495 F.3d 1136, 1139 (9th Cir. 2007).  Thus, the *res judicata* effect of the FLSA representative action extends only to those individuals that consent to inclusion in the class, as distinguished from a Rule 23 opt-out class action in which the *res judicata* effect of a judgment extends to the entire class.  The proposed settlement will release claims under the FLSA irrespective of whether Class Members affirmatively choose to join the action.[3]  This violates the FLSA's requirement that an employee consent to be bound by the judgment.

For the reasons set forth above, the Court cannot certify Plaintiffs' FLSA claim under Rule 23 and the Court cannot approve a settlement that extinguishes the FLSA claims of individuals who do not consent to join this lawsuit.

## V.    CONCLUSION

When a court undertakes a fairness inquiry, "the settlement must be 'taken as a whole, rather than the individual component parts.'"  *Tijero v. Aaron Brothers, Inc.*, 10-CV-1089 SBA, 2013 WL

---

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

[3] The proposed claim form contemplates that the class members must "consent to join this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 216(b)," but the settlement agreement does not exclude those employees who do not so consent.  (*See* Dkt. No. 39-1 at 52.)

United States District Court
Northern District of California

60464, at \*6 (N.D. Cal. Jan. 2, 2013) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).  The treatment of the class members' FLSA claims relates to the provisions of the Settlement itself.  "The Court has no power to 'delete, modify or substitute certain provisions'—and the settlement 'must stand and fall in its entirety.'"  *Id.*

Therefore, the Court *tentatively* ORDERS that the Motion for Preliminary Approval of Class Settlement and the Stipulation and Settlement of Class & Collective Action Claims is DENIED WITH LEAVE TO REFILE.

The April 16, 2013 hearing is CONTINUED to **April 30, 2013** at **2:00 p.m.**

By no later than **5:00 p.m.** on **Thursday, April 18, 2013**, Plaintiffs shall file a written response to this Order in which they: (1) explain why they seek to certify an FLSA class under Rule 23 instead of 29 U.S.C. § 216(b); (2) identify the binding legal authority for this Court to certify an FLSA class under Rule 23; (3) explain why they believe it is fair to release the FLSA claims of absent class members who do not consent to join this lawsuit; and (4) identify the statute, rule, and/or binding court decision that authorizes the release of FLSA claims of parties who do not consent to join a lawsuit.

Alternatively, Plaintiffs may stipulate in writing to entry of this tentative ruling.  If Plaintiffs stipulate to entry of this tentative ruling, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.  If Plaintiffs do not so stipulate, the hearing shall be held on April 30, 2013.

IT IS SO ORDERED.

Dated: April 12, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE