MICHAEL RUBIN (SBN 80618)
PEDER J. THOREEN (SBN 217081)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
pthoreen@altber.com

CLIFF PALEFSKY (SBN 077683)
KEITH EHRMAN (SBN 106985)
McGuinn, Hillsman & Palefsky
535 Pacific Ave.
San Francisco, CA 94133
Telephone (415) 421-9292
Facsimile (415) 403-0202
cp@mhpsf.com
kaemhp@aol.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEORGE MARCHELOS, AMY KASSENBROCK, for themselves and all others similarly situated, and for the general public,<br><br>Plaintiffs,<br><br>v.<br><br>REPUTATION.COM, a corporation,<br><br>Defendant. | Case No. 4:12-cv-01899-YGR<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR FINAL CERTIFICATION OF SETTLEMENT CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 22, 2013<br>Hearing Time: 2:00 p.m.<br>Courtroom: 5<br>Judge: Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 22, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of this Court, located at 1301 Clay Street, Oakland, CA 94612, plaintiffs George Marchelos and Amy Kassenbrock will, and hereby do, move for orders granting final approval of the parties' class action settlement, and finally certifying the proposed settlement class.

Plaintiffs' Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Michael Rubin in Support of Motion for Final Approval of Settlement ("Rubin Decl."), the Declaration of Stephen Donaldson ("Donaldson Decl."), the Settlement Agreement (Docket No. 45-1), all other pleadings and papers on file in this action, and any oral argument the Court permits.

Dated: September 17, 2013

Respectfully submitted,

By: ___/s/ Michael Rubin___
     Michael Rubin

MICHAEL RUBIN
PEDER J. THOREEN
Altshuler Berzon LLP

CLIFF PALESFKY
KEITH EHRMAN
McGuinn, Hillsman & Palefsky

Attorneys for Plaintiffs
GEORGE MARCHELOS, *et al.*

**MEMORANDUM IN SUPPORT OF MOTION**

**I. INTRODUCTION**

The parties have agreed to settle the claims in this wage and hour class action for $1,000,000, plus interest. With an average award of over $7,000, the settlement provides substantial relief for class members. The settlement also provides class members a recovery now, without the delays attendant with further litigation. Particularly given the very real risks associated with continued litigation, the parties' settlement easily satisfies the "fair, reasonable, and adequate" standard for final approval. *See* Fed. R. Civ. P. 23(e).

Class members have responded favorably to the settlement. Class notice and claim forms were mailed to the 93 class members. Donaldson Decl. ¶2. As of September 13, 2013, the settlement administrator had received 86 valid claim forms, representing an extraordinary claims-filing rate of *over 90%*. *See id.* at ¶5. Meanwhile, the deadline for opting out of, or objecting to, the settlement passed on September 4, 2014. *See id.* ¶6. *Not one class member has opted out or objected to the terms of the settlement*. *Id*.

Class counsel, who are experienced in litigating employment class action cases, and who were thoroughly familiar with the law and facts of this case at the time the settlement was negotiated, believe that this proposed settlement is in the best interest of the class.

**FACTUAL BACKGROUND**

**I. THE TERMS OF THE SETTLEMENT ARE FAIR, REALSONABLE, AND ADEQUATE.**

In early June 2013, soon after the Court granted preliminary settlement approval, the settlement administrator received from Reputation.com the settlement fund of $1,000,000 and deposited that fund into an interest-bearing account. Rubin Decl. ¶2. Under the settlement, no portion of that money will revert to Reputation.com. Dkt. No. 45-1 ("Settlement Agreement"), Section III.E.4.

After payment of such attorneys' fees and costs and expenses and payments as are awarded by the Court, and reasonable costs of claims administration, the entire balance of the Settlement Fund, plus accrued interest, will be paid to class members within 30 days of the Court granting final settlement approval. *Id.*, Section III.E.2; *see also id.*, Section III.A (defining the Final Effective Date when no

objections have been filed). The net settlement fund will be allocated among claimants in proportion to weeks worked, weighted according to a formula that takes into account differences in average hours worked during different time periods and the relative strength of class members' claims, and also reflecting the claimants' potential entitlement to post-termination waiting time penalties. *Id.*, Section III.C; *see also* Dkt. 37 at 8-9 (detailing rationale for the formula determining awards).[1]

In exchange for these payments, class members will release claims arising out of the facts alleged in this case, as follows: all claims, demands, rights, liabilities, and causes of action arising during the class period, whether for economic damages, noneconomic damages, injunctive relief, restitution, penalties, or other monies, or equitable relief, that were or could have been asserted (whether in tort, contract, or otherwise), arising out of the following allegations, causes of action, or conduct:

- Any and all causes of action arising during the Class Period that were asserted, or that could have been asserted, arising out the facts alleged in the Complaint, including but not limited to any and all claims relating to classifying employees as exempt from overtime obligations, for alleged failure to pay overtime wages, payment of overtime-related wages upon termination, or alleged unlawful policies or practices related thereto, penalties, and interest in all such wages or for damages or penalties arising therefrom, including any and all claims related to such causes of action under the California Labor Code and related regulations and wage orders, specifically including any and all claims under the Private Attorney General Act of 2004, codified at California Labor §2698, *et seq.*, waiting time penalties, the Fair Labor Standards Act, and the California Unfair Competition Law, California Business and Professions Code §17200, *et seq.*;
- Any claim for any loss, cost, damage, or expense arising out of any dispute over the non-withholding or other tax treatment of any of the proceeds received by any claimant as a result of the Settlement Agreement;
- Any and all claims alleging that Reputation.com retaliated against them during the Class Period for complaining about their wages or for asserting wage-related claims, any wage-and-hour laws

---

[1] The data used by the settlement administrator to make these calculations, including compensation data and dates of employment, has been verified in a sworn declaration by Reputation.com's General Counsel/Chief Privacy Officer. Rubin Decl., Exh. A at ¶¶7-15.

or other laws, and any other claims of any kind related to Reputation.com's failure to pay wages to employees arising out of the facts set forth in the Complaint; and

- Any and all claims for attorneys' fees and costs arising out of the facts set forth in the Complaint.

Settlement Agreement, Section II.Y & Z; *see also id.* Section III.F.

## II. CLASS COUNSEL WERE FULLY INFORMED WHEN THE SETTLEMENT WAS NEGOTIATED.

Class Counsel engaged in extensive factual research and analysis prior to agreeing to the terms of the settlement. Rubin Decl. ¶3. Through informal discovery, Reputation.com provided hundreds of pages of information relevant to the merits of Plaintiffs' claims and Defendant's defenses, and the damages to which class members would be entitled if they prevailed. *Id.* As required by the Settlement Agreement, Reputation.com has now provided a sworn declaration verifying the accuracy of the information provided to Plaintiffs during this stage in the litigation. *Id.*, Exh. A. Additionally, Class Counsel engaged in numerous discussions with the named plaintiffs to verify the accuracy of information obtained from, and positions taken by, Reputation.com, and to determine what factual and legal responses may be available. *Id.* ¶4.

Prior to the October 2012 mediation session, Class Counsel performed a comprehensive legal analysis regarding the ultimate merits of their claims, the damages at issue, and the viability of proceeding through trial on a class basis. *Id.* ¶5. By the time of the mediation, Class Counsel were fully informed about the strengths and weaknesses of the case. These efforts provided ample basis for Class Counsel to weigh the merits of the claims, the viability of litigating those claims on a class basis, and the reasonableness of the settlement eventually obtained. Additionally, the settlement negotiations were supervised by Mark Rudy, an experienced and well-respected mediator, who helped guide the arms'-length negotiations in light of the strengths and weaknesses of the claims. *Id.*

## ARGUMENT

The Ninth Circuit has recognized a strong policy favoring voluntary settlement of complex class actions. "[V]oluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). This is "especially true in complex class action" cases, which lend themselves to compromise because of the difficulties of proof,

uncertainty of outcome, and length and complexity of litigation. *Id. See also Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992) ("[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned.").

Federal Rule of Civil Procedure 23(e) requires that a class action settlement be "fair, adequate, and reasonable" in order to merit approval. The Ninth Circuit has identified a non-exhaustive list of factors to guide the final approval inquiry, including (1) the amount offered in settlement, (2) the reaction of the class to the proposed settlement, (3) the strength of the plaintiffs' case balanced against the "risk, expense, complexity, and likely duration of further litigation" and the "risk of maintaining class action status throughout the trial," (4) the "extent of discovery completed" and the "stage of the proceedings," and (5) the informed views of experienced counsel. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003). With respect to the last factor, the "recommendations of plaintiffs' counsel should be given a presumption of reasonableness," particularly when counsel has significant experience litigating similar cases. *Boyd v. Bechtel Corp.,* 485 F.Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.").

When determining whether to grant final approval, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Officers for Justice,* 688 F.2d at 625; *see also Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

I. **THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT.**

    A. **The Settlement Provides Meaningful Relief to the Class**

The settlement creates a $1 million, non-reversionary common fund on behalf of approximately 93 current and former employees of Reputation.com. Given the current level of participation in the settlement, and assuming the Court grants in full Class Counsel's pending request for attorneys' fees and

costs and service payments to the named plaintiffs, the anticipated recovery per class member is, on average, over $7,000. Rubin Decl., ¶6. For those who worked for the longest during the Class Period, recoveries may be substantially more than that – up to approximately $25,000. *Id.*

### B. The Reaction of the Class Supports Approval of the Settlement.

Class notice and claim forms were sent to 90 class members on June 21, 2013. *See* Donaldson Decl. ¶2. As to those notices that were initially returned as undeliverable, the settlement administrator obtained new addresses for and resent the notice to 20 class members. *Id.* ¶¶3-4. Additionally, over the course of the claims period, Class Counsel sent two reminder notices to former employees who had not yet submitted claims, reached out those individuals by telephone, and engaged in extensive efforts to locate class members whose contact information was incorrect. Rubin Decl. ¶7. Meanwhile, Reputation.com's General Counsel sent two reminder e-mails to current employees who had not yet submitted claims, encouraging them to participate and reiterating that they will not face retaliation for doing so, and, near the end of the claims period, Reputation.com engaged in one-on-one communications with the handful of remaining current employees who had not yet filed claims. *Id.*

Objections and opt-outs were due on September 4, 2013, and class member claims must be filed by September 19, 2013. As of September 13, 2013, the settlement administrator had received 86 valid claim forms, representing over 90% of the Class. Donaldson Decl. ¶5. Not a single class member has requested to opt out of the settlement or objected to its terms. *Id.* ¶6. This overwhelming class member support for the settlement strongly favors final approval.

### C. The Litigation Involved Substantial Potential Risks.

The "risk, expense, complexity, and likely duration of further litigation" are factors to be considered in assessing a proposed settlement. *Hanlon,* 150 F.3d at 1026. Here, the settlement is exceptional in light of the significant risks faced by Plaintiffs.

Plaintiffs' claims were premised on their contention that they were incorrectly misclassified as exempt from state and federal overtime laws. Rubin Decl. ¶8. In response, Reputation.com contended that it had properly classified its employees as exempt, asserting that they are excluded from the protections of overtime laws under one or more of the following statutory exemptions: (a) the commission sales exemption, (b) the administrative exemption, (c) the highly compensated employee

exemption, (d) the executive exemption, and/or (e) the "combination" exemption. Because all of Plaintiffs' claims hinge on their alleged misclassification, Reputation.com argued that it could have been completely exonerated if it prevailed on any one of these exemption defenses. *Id*.

### D. The Parties Conducted Extensive Investigation and Analysis and the Settlement Was Reached through Arms' Length Negotiations.

As described above, Class Counsel engaged in substantial fact gathering and analysis before agreeing to the terms of the proposed settlement. By the time of the mediation, Class Counsel were fully informed about the strengths and weaknesses of the case. As described above, the proposed settlement was negotiated in good faith and at arms' length, only after lengthy discussions supervised by the mediator.

### E. The Recommendations of Experienced Counsel Favor Approval of the Settlement.

The judgment of experienced counsel regarding the settlement is entitled to significant weight. *See, e.g., Hanlon,* 150 F.3d at 1026. The recommendation of experienced class counsel should be given a presumption of reasonableness. *See Boyd,* 485 F.Supp. at 622.

Here, Class Counsel, who have extensive experience prosecuting and litigating employment cases and complex class actions, *see* Dkt. No. 50 ¶¶3-7; Dkt. No. 50-1; Dkt. No. 51 ¶¶2-3; Dkt. No. 52 ¶2, and who conducted a comprehensive legal and factual investigation into the claims in this case, *see* discussion *supra*, firmly believe that the proposed settlement easily satisfies Rule 23(e)'s requirements and is in the best interest of all class members. Rubin Decl. ¶9.

## II. THE COURT SHOULD GRANT FINAL CLASS CERTIFICATION.

The Court's May 23, 2013, preliminary approval order conditionally certified a settlement class. No member of the class has objected to class certification or to the appointment of the class representatives or Class Counsel. *See* Donaldson Decl. ¶6. Additionally, as described above and in the concurrently filed motion for the award of service payments to the named plaintiffs, Class Counsel and the named plaintiffs have diligently protected the interests of class members throughout the claims-filing process, ensuring maximum participation in the settlement. For these reasons, in addition to the reasons stated in plaintiffs' motion for preliminary approval, the Court should grant final certification to the settlement class and should confirm the appointment of the class representatives and Class Counsel.

**CONCLUSION**

For the foregoing reasons, the Court should grant final approval to the parties' settlement, and grant final certification to the proposed settlement class.

Dated:  September 17, 2013  Respectfully submitted,

By:    */s/ Michael Rubin*
       Michael Rubin

MICHAEL RUBIN
PEDER J. THOREEN
Altshuler Berzon LLP

CLIFF PALESFKY
KEITH EHRMAN
McGuinn, Hillsman & Palefsky

Attorneys for Plaintiffs
GEORGE MARCHELOS, *et al.*